This matter is before the court on a petition to review the disallowance of a claim made by 500 Fifth Avenue, Inc., against the receiver of Foremost Silk Hosiery Mills, Inc. Out of this same insolvency proceeding arose the case of G. Lee Havey,Receiver, c., v. Alfred Hofman et al., 121 N.J. Eq. 523;affirmed, 123 N.J. Eq. 589, 590.
The hosiery mills was a tenant of the creditor under a lease, with the rent reserved at the rate of $2,400 a year. The receiver surrendered the premises and has paid for his use and occupation up to the time of such surrender. The sole question before the court is as to whether the landlord has a provable claim for the period of one year subsequent to the surrender.
The facts are undisputed. It appears that a short time prior to the appointment of the receiver herein, the National Bankruptcy act was amended so as for the first time to give to a landlord the right to prove in bankruptcy a claim for rent for the period of one year subsequent to the surrender of the premises occupied by the bankrupt. It is claimed by the landlord that this provision of the Bankruptcy act requires the allowance of its claim in the present receivership in the court of chancery.
Prior to the amendment of the Bankruptcy act it was well settled in this court that a receiver was liable for use and occupation only of the premises and that a claim for future rent was not provable. Stockton v. The Mechanics and *Page 520 Laborers Savings Bank, 32 N.J. Eq. 163; Block v. BellFurniture Co., 111 N.J. Eq. 551.
The argument in behalf of the landlord is that receiverships in chancery necessarily follow the rules laid down by the Bankruptcy act. While it is true, as stated in Block v. Bell FurnitureCo., there is practical advantage of maintaining harmonious doctrine in the administration of the assets of an insolvent corporation in the state and federal courts, where the provisions of our statute and the rationale of our jurisprudence permit, however, this does not require this court to follow precisely any differences or changes in the Bankruptcy act.
As was pointed out in Block v. Bell Furniture Co., future rent is not a debt in the sense that it is absolutely due but is merely a contingent liability, since, in case of termination of the tenancy, the landlord may lease the premises to someone else and thereby decrease or even completely destroy the liability. In view of the well settled rule that future rent is not provable, I do not consider that this court is justified in changing the rule merely because of a change in the Bankruptcy act, in the absence of legislation providing for the following of changes in the Bankruptcy act.
The disallowance of the claim by the receiver will be confirmed.